## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT B. TARBET,** | ) | CASE NO.: 5:03 CV 0656 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | MAGISTRATE JUDGE GALLAS |
| | ) | |
| **WHEELING & LAKE ERIE RAILWAY** | ) | **JOINT STATUS REPORT AND** |
| **COMPANY,** | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF THE PARTIES'** |
| Defendant. | ) | **VOLUNTARY DISMISSAL** |
| | ) | **PURSUANT TO FED. R. CIV. P.** |
| | ) | **41(a)(1)(ii)** |

\* \* \* \* \*

NOW COME the plaintiff, ROBERT B. TARBET, by his attorneys, Patrick J. Harrington and James K. Schultz. of HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD., and the defendant, WHEELING & LAKE ERIE RAILWAY COMPANY, by their attorney, William F. Gibson of GALLAGHER, SHARP, FULTON & NORMAN, and hereby submits the following memorandum of law in support of the parties' stipulation of voluntary dismissal filed on May 26, 2004.

1. Plaintiff filed this action on April 11, 2003 pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq*. arising out of an accident and injuries sustained therein which

occurred on April 28, 2000.

2. As a result of this incident, plaintiff sustained severe injuries to his right knee, which have required consistent and on-going treatment, including surgery. While undergoing his medical treatment, neither plaintiff nor his medical providers had foreclosed the possibility of plaintiff returning to work with defendant, his railroad employer. During his period of recovery, plaintiff has continued to receive wages from defendant and has worked sporadically for defendant in a light duty position consistent with his medical restrictions.

3. After undergoing a second opinion evaluation with Dr. Paul Steurer, plaintiff's treating surgeon, Dr. Kenneth Greene recently informed plaintiff, for the first time, that he was permanently disabled from returning to his former occupation as a railroad conductor. On June 1, 2004, Dr. Greene advised plaintiff, again for the first time, that it would be in plaintiff's best interest to apply for his railroad disability pension because he had achieved maximum medical improvement and that his knee condition was going to preclude his returning to employment as a railroad conductor.

4. Plaintiff is currently in the process of filing his application for an occupational disability with the Federal Railroad Retirement Board. It is anticipated that a decision on this application from the Federal Railroad Retirement Board will not be made for five to six months.

5. Due to the evolving nature of plaintiff's medical condition and the unresolved measure of plaintiff's damages, the parties, after consulting with and obtaining the express consent of their clients, filed a stipulation of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) on May 26, 2004.

6. This case has a scheduled trial date of July 19, 2004.

7. The parties have filed the stipulation of voluntary dismissal because both sides have concluded that this case, due to circumstances outside of their respective control, is not in a position to be tried. At this time, the full scope of plaintiff's medical condition is just coming into focus, and the extent of plaintiff's damages in the form of lost wages and fringe benefits is not yet amenable to calculation. Plaintiff's disability application is being completed, but will not be decided until the end of this year. As a result of this, the parties consulted with their clients, and the parties agreed that it was in their respective best interests to take a voluntary dismissal of this action so that the parties would have adequate time to gauge plaintiff's medical and economic condition.

8. Federal Rule of Civil Procedure 41(a)(1)(ii) provides, *inter alia*,:

"...an action may be dismissed by the plaintiff without order of court...(ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice..."

9. The stipulation of voluntary dismissal filed on May 26, 2004 was signed by all of the parties that have appeared in this action after consulting with and obtaining the consent of the parties' respective client.

10. Where all parties who appear in an action agree to dismiss claims, Federal Rule of Civil Procedure 41(a)(1)(ii) governs the dismissal. Under this rule, the parties have an absolute right to dismiss claims and no judicial action is necessary to effect the dismissal of those claims. Dillon-Barber v. Regents of the Univ. of Mich., 51 Fed. Appx. 946 (6th Cir. 2002) (Pursuant to Sixth Circuit Rule 28(g), a copy of this decision is attached hereto as Exhibit "1".) A properly stipulated dismissal under Fed. R. Civ. P. 41(a)(1)(ii) is self-executing and does not require judicial approval. Green v. Nevers, 111 F.3d 1295, 1301 (6th Cir. 1997), citing Aamot v. Kassel, 1 F.3d 441, 445 (6th Cir. 1993) and Hinsdale v. Farmers National Bank & Trust Co., 823 F.2d 993, 995-996 (6th Cir. 1987).

11. The case law regarding a stipulated dismissal under Rule 41(a)(1)(ii) is clear that entry of a stipulation of dismissal is effective automatically and does not require judicial approval. In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1988). Rule 41(a)(1) does not call for the exercise of discretion by any court. Id.

12. The parties would respectfully submit that in this case, there is no suggestion or appearance of collusion or other improper conduct by the parties motivating the filing of the stipulation of voluntary dismissal. Instead, as detailed above, the stipulation of voluntary dismissal was submitted jointly by the parties, after full and frank discussions with their respective attorneys, because this case has many unresolved issues owing to plaintiff's evolving medical condition. Quite simply, this case, through no fault of the parties, would not be amenable to trial at this stage due to the undeterminable medical and economic damages. This condition is not likely to change until a decision is rendered on plaintiff's disability application by the Railroad Retirement Board.

13. The circumstances of this case would not warrant a decision by the Court to decline to give effect to the stipulation of dismissal. The voluntary dismissal stipulation was signed by all parties that have appeared, and upon information and belief, there are no further parties in interest to this case. The stipulation is not an effort by the to short circuit the judicial process or infringe on the interests of persons entitled to the court's special protection. The voluntary dismissal is in the best interests of all of the parties, and has not been filed for the purpose of causing delay or harassment.

Respectfully submitted,

/s/ Patrick J. Harrington
Patrick J. Harrington
James K. Schultz
Attorneys for Plaintiff
HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
310 South Michigan Avenue
 Suite 2000
Chicago, Illinois 60604
(312) 922-8833


/s/ William F. Gibson
William F. Gibson
Attorney for Defendant Wheeling & Lake Erie
Railway Company
GALLAGHER, SHARP, FULTON & NORMAN
1501 Euclid Avenue
 7th Floor
Cleveland, Ohio 44115
(216) 241-5310

-5-

## CERTIFICATE OF SERVICE

This is to certify that the foregoing **Joint Status Report and Memorandum of Law in Support of The Parties' Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(ii)** was electronically filed with the Court on June14, 2004.  Notice of the electronic filing of this **Joint Status Report and Memorandum of Law in Support of The Parties' Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(ii)** will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Patrick J. Harrington
Patrick J. Harrington
**HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD**.
Attorneys for Plaintiff
310 South Michigan Avenue
 Suite 2000
Chicago, Illinois 60604
(312)922-8833